# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGART BLACKWELL,<br><br>Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

MARGART BLACKWELL (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against CONVERGENT OUTSOURCING, INC. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Washington.

PLAINTIFF'S COMPLAINT
Docket No:

1

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530
(516) 203-7600

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Washington.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Renton, Washington.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15. Defendant's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the

PLAINTIFF'S COMPLAINT
Docket No:

2

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530
(516) 203-7600

FDCPA.

## FIRST COUNT
## Violation of 15 U.S.C. § 1692f

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

19. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

20. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

21. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

22. Defendant used language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

23. Defendant has violated § 1692f by using language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

PLAINTIFF'S COMPLAINT
Docket No:

3

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530
(516) 203-7600

consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

27. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendant failed to advise Plaintiff that her dispute must be in writing in order to require Defendant to obtain verification of the debt and mail such to her.

29. Defendant failed to advise Plaintiff that she must request the name and address of the original creditor, if different from the current creditor, in writing.

30. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

31. Defendant's conduct would make the "least sophisticated consumer" uncertain and confused as to her rights.

## THIRD COUNT
## Violation of New York General Business Law §349

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

34. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

35. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

36. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

37. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

38. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

39. Plaintiff is a reasonable consumer.

PLAINTIFF'S COMPLAINT
Docket No:

4

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530
(516) 203-7600

40. Defendant's conduct would mislead a reasonable consumer.

41. Defendant engaged in a material deceptive act or practice as described herein.

42. Defendant's conduct caused plaintiff to suffer injury.

43. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:
 a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and
 b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and
 c. Plaintiff's actual damages; and
 d. Plaintiff's costs; all together with
 e. Damages against Defendant pursuant to NYGBL § 349; and
 f. Such other relief that the Court determines is just and proper.

DATED: June 19, 2015

**BARSHAY SANDERS PLLC**

By: /s/ Craig B. Sanders
Craig B. Sanders, Esq. [CS 4163]
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109121

PLAINTIFF'S COMPLAINT
Docket No:

5

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NY 11530
(516) 203-7600